[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MINOR CHILD'S STIPULATED AGREEMENT
Margaret M. Errichetti ("mother") and Christopher Errichetti ("father"). together ("parents"), respectfully represent to the Court the fol1owing Agreement:
Custody
1.1 The parents shall have joint legal custody of the minor child, Amy Marie Errichetti ("minor child"), born 11/14/99, and shall make good faith efforts to communicate with each other and mutually agree upon major decisions (i.e., health, education, and welfare) affecting the minor child. In the event that the parents cannot agree about any particular decision affecting the minor child, the mother shall have the full authority to make a final decision.
1.2 The minor child shall reside with the mother.
1.3 Both parents shall have full and unfettered access to information concerning the minor child. The mother and father agree to execute any and all authorizations required of health care providers, educators and schools, providers of extra-curricular activities, and/or religious instructors who may generate such information so that the other parent may obtain the requested information. It is the intent of this Agreement that neither parent shall be required to rely solely upon the other parent to obtain information about the minor child concerning her health and welfare.
1.4 The parents agree to meet with the minor child's attorney six months after the date of this agreement for purposes of reviewing the circumstances surrounding the minor child.
Parenting Access
2.1 The father shall have parenting access to the minor child upon the minor child's request either directly to him, her mother or through her attorney.
2.2 The father shall provide to the minor child's attorney his telephone number, address, and e-mail address so that the minor child's attorney may provide said information to the minor child.
2.3 The father may correspond with the minor child through the minor child's attorney or directly, provided that direct correspondence is initiated upon the request of the minor child. CT Page 1830-ej
2.4 The father agrees to return certain items of personal property listed in the minor child's proposed orders dated November 1, 2000. The items of personal property shall be provided to the minor child's attorney to effectuate return.
2.5 The parents agree that the minor child has a need for privacy in her communications with a parent. Both parents agree that they will respect the minor child's privacy and will not interfere with or limit the minor child's exercise of her right to speak or otherwise communicate with a parent.
2.6 The parents agree that they will not speak detrimentally or critically of the other to the minor child (or in her presence) and will not engage in any behavior designed to alienate the affections of the minor child with the other parent.
Dated at Waterbury, Connecticut this 7th day of November, 2000.
Axelrod, J.
ERRICHETTI v. ERRICHETTI, No. FA-99-0150670S (Nov. 7, 2000) MARGARET ERRICHETTI v. STOPHER ERRICHETTI. No. FA-99-0150670 S Superior Court Judicial District of Waterbury at Waterbury. November 7, 2000
 STIPULATION RE: CUSTODY AND PARENTING PLAN FOR MINOR CHILDREN CHRISTOPHER AND DANIEL ERRICHETTI
AXLEROD, JUDGE.
The parties agree, subject to the approval of the court, that the following custody and parenting plan enter as to the parties' two (2) minor sons. Christopher J. Errichetti (d/o/b/ 09/30/91) and Daniel Errichetti (d/o/b/ 07/16/94), relative to the above dissolution of marriage.
CUSTODY
1. The parties shall share joint legal custody of the minor sons, provided, however, that the mother shalt have physical custody. CT Page 1830-ek
2. The mother agrees that she will not establish a new residence outside of the State of Connecticut for the children, nor permanently remove their residence from the State of Connecticut without notifying the father in writing at least 60 days prior to the intended move.
PARENTING ACCESS
Weekly Schedule
2. The father shall have parenting access with the minor sons as follows: every Wednesday from after school to 7:00 p.m. The father shall pick up the minor sons at school.
 a. Except during the summer when the children are vacationing with the mother on Cape Cod, or elsewhere.
 b. Every other weekend. except as hereinafter provided, the father shall have access from Friday at 5:30 p.m. and continuing until Sunday at 6:00 p.m. When school is not in session during the summer, the father shall pick up the minor sons at 12:00 p.m. noon.
 c. Where the minor sons have a flail Friday or Monday holiday from school, the parent having parenting access with the sons shall also have the Thursday night prior to the Friday holiday. When the father has the sons for a regularly scheduled weekend, and thus has the Monday school holiday with the sons. the father shall return the sons to the mother on Monday at 6:00 p.m.
 d. During the summer when mother is in Massachusetts, the father shall pick up the minor sons in Providence, Rhode Island (at a location mutually agreeable) at noon on Friday of his scheduled weekend of parenting access. Return on Sunday of the minor sons to the mother shall be in Providence, Rhode Island at the designated Location at 6:00 p.m.
Vacation Schedule
CT Page 1830-el
The father shall have three (3) weeks vacation time with the minor sons, two (2) of which may be consecutive. The father shall notify the mother, in writing, by October 1 of each year commencing October 1, 2001 and thereafter, of the following year's intended vacation weeks. In the year 2000, the father shall notify the mother, in writing, of his intended vacation weeks no later than December 1, 2000. The father's choice of vacation weeks are non-negotiable and are not subject to refusal by the mother unless father provides consent to a change requested by the mother. Mother shall plan her vacation weeks around the fathers designated vacation time. Mother shall have 3 uninterrupted weeks of vacation each year of her choice. Any two of which may be consecutive.
Holiday Schedule
This holiday schedule will commence January 1, 2001 and will start with the first holiday after that date (Easter). The parties' agreement dated October 2, 2000 attached hereto shall be the orders for Thanksgiving and Christmas for the year 2000, thereafter the following holiday schedule shall be in effect:
 a. Easter: The parents shall alternate the Easter holiday with the father having even numbered years. Easter commences Friday at 10:00 a.m. and the sons are returned to mother on Easter Sunday at 4:00 p.m. (unless the father has the sons the following week for spring break in such case the children will remain with the father until the completion of that week). The sons' Spring Break occurs the week after Easter Sunday. If the father, on October 1 of the year preceding, has designated the week of Spring Break as a vacation week, then he may not choose Spring Break as a vacation week the next year so as to avoid one parent having two (2) consecutive vacations with the sons on Spring Break.
 b. Memorial Day: This holiday falls on a Monday and shall be spent with the parent with whom parenting access is given the preceding weekend.
 c. Labor Day: This holiday falls on a Monday and shall be spent with the parent with whom parenting access CT Page 1830-em is given the preceding weekend.
 d. Thanksgiving: The parents shall alternate the Thanksgiving holiday with the father having odd numbered years. Thanksgiving holiday is defined for the father as the period from Wednesday at 2:30 p.m. until Sunday at 6:00 p.m. In the year father does not have the sons for Thanksgiving he shall have his normal Wednesday access to 7:00 p.m. and the mother shall have the children for the remainder of the week.
 e. Christmas Eve: The sons shall be with their father every Christmas Eve from 10:00 a.m. until 9:30 p.m. at which time they are returned to their mother.
 f. Christmas Day: The sons shall be with their mother every Christmas Day.
 g. Christmas School Break: "Christmas School Break" is defined as: from 10am December 26 until 6pm the day prior to the commencement of school. The mother shall have this period beginning in the year 2001 and the father shall have this period beginning in 2002 and the parents thereafter shall alternate. If the Christmas School Recess begins such that there is a week end interval prior to Christmas Eve, then the parent who does not have the sons during the Christmas School Break shall have the weekend. If the Christmas School Recess begins such that there is no weekend interval prior to Christmas Eve, then the parent who does not have the Christmas School Break shall have the weekend prior to the Christmas School Recess. It is expressly agreed by the parents that New Year's Eve and New Year's Day are part of the Christmas School Break. The phrase "Christmas School Reccess" is defined by reference to the school Calendar which will identify the day School suspends for the Christmas holiday and the day it resumes.
Miscellaneous
 a. The father shall have the sons every Father's Day CT Page 1830-en and the mother shall have the sons every Mother's Day.
 b. Both parents-shall make good faith efforts to provide parenting access to the non-custodial parent on the occasion of a son's birthday.
 c. The parents may vary or modify the above-scheduled parenting time pursuant to their mutual agreement. If they cannot agree. then the parenting access as outlined above will control.
Other provisions
 a. Neither party shall make any unilateral decisions or take unilateral actions regarding matters of substance affecting the health. education and care of their sons, and mutual discussion and agreement shall be necessary concerning such matters, except as herein above provided in custody provision paragraph 2.
 b. Neither party shall make any arrangements affecting the children that might interfere with any time the child is to spend with either party without first engaging in mutual consultation and discussion, in advance of the matter. Neither shall use the children as "messengers" regarding such issues.
 c. The parties will keep each other informed about the children's progress in school, social activities, and other similar matters concerning the children.*
 d. Each shall have full and complete access to all records, memoranda, and any other communications emanating from all persons concerned with the health, welfare, maintenance and education of the children and shall be entitled to confer with any such individual. To the extent that any authorizations for such disclosures and/or communications with such third persons is required by the third person, such party shall furnish any written or oral authorizations as required.
 f. The parties shall have reasonable mail and telephone access to the children while they are with the other party during reasonable hours of the day and evening. The sons shall have access to the other parent by telephone at any time. The parties agree to encourage the sons to call the other parent and the parents shall respect the privacy of the child during said telephone calls.
Axelrod, J.
ERRICHETTI v. ERRICHETTI, No. FA-99-0150670-S (Jan. 11, 2001) MARGARET M. ERRICHETTI v. CHRISTOPHER JOHN ERRICHETTI. No. FA-99-0150670-S Superior Court Judicial District of Waterbury at Waterbury. January 11, 2001
 STIPULATED AGREEMENT RE: MINOR CHILDREN VACATION
The parties hereto agree that the Defendant Father shall have vacation time in 2001 with the parties' two minor sons, Christopher and Daniel, per the attached letter from the Defendant Father to the Plaintiff Mother dated December 21, 2000. The minor child, Amy E. Errichetti, may elect, at her discretion, to participate in said vacation time with the Defendant Father.
[EDITORS' NOTE: THE ATTACHED LETTER IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 1830-eo